No. 22,622.

D. G. SHAFFER et al., *Appellees*, v. THE CITY OF HUTCHINSON, *Appellant*.

### SYLLABUS BY THE COURT.

CITIES — *Paving Street — Defective Petition — Width of Proposed Pavement Not Stated—Injunction Allowed.* When a city of the first class having a population of over 25,000 inhabitants undertakes to pave a street pursuant to a petition of resident owners of abutting property, under section 1233 of the General Statutes of 1915, the provision of the statute that such petition shall state the width of the paving petitioned for is mandatory and is intended for the protection of the taxpayers affected by the projected improvement; and proceedings to pave a street in disregard of that mandatory provision may be enjoined in an action by the taxpayers affected thereby.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed January 10, 1920. Affirmed.

*W. A. Huxman*, city attorney, for the appellant; *A. C. Malloy, R. C. Davis, W. F. White, C. M. Williams, D. C. Martindell,* and *W. F. Jones,* all of Hutchinson, of counsel.

*Carr W. Taylor,* and *John H. Connaughton,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action by taxpayers to enjoin the city of Hutchinson from paving a street. Plaintiffs raised

Shaffer v. City of Hutchinson.

various objections to the proceedings. The injunction was granted on two grounds:

First, that the statute requiring that the petition to pave the street shall specify the width of the paving was mandatory and had been disregarded.

Second, that certain resident property owners who had signed the petition for the paving had a right to withdraw their names from that petition before the city commissioners had taken final action thereon, and that with their names lawfully withdrawn the petition contained an insufficient number of signatures of resident property owners to authorize the paving.

Let us examine the first infirmity in the proceedings as found by the trial court. None of the facts are in dispute. The petition to pave the street, in part, recited:

"To the Board of Commissioners of Hutchinson, Kansas.

"Gentlemen:

"We the undersigned resident owners of property liable for the costs of the improvement sought, hereby petition your honorable body to cause Sherman street to be paved from Poplar street to Bonebrake street with brick on concrete base with asphalt filler."

The statute under which the paving was projected, in part, reads:

"Provided, That in cities of the first class having a population of over 25,000 no resolution to pave, macadamize, or grade, or repave, remacadamize, or regrade, any street, lane or alley shall be valid unless a petition asking such improvement has been ordered spread upon the journal, which petition must be signed by the resident owners of not less than one-half of the feet fronting or abutting upon such street, lane or alley to be improved: *And provided further*, . . . In case of paving, such petition shall state the width of the paving and the kind of material to be used, . . . ." (Gen. Stat. 1915, § 1233.)

It will be noted that the statute plainly says that the petition for paving shall state the width of the paving, as well as the kind of material to be used. The petition disregarded this specific requirement. How shall the court refine away that statutory provision so that it will mean nothing? Shall we amend the statute by judicially ignoring it? We cannot do that. The width of the paving is a very material matter for the taxpayer in determining the value of the proposed improvement to his property, and in considering the amount of his burden as a taxpayer. The width of the paving very materially affected the

rights and liabilities of the plaintiff taxpayers. Many residence streets in the cities of this state have been laid out on such broad, generous lines that to pave them with costly materials for their full width would create such a burden of taxes as to impoverish the owners of the abutting property. The trial court ruled on this matter correctly.

The correctness of the second proposition upon which the judgment is based is not so clear; but since the first ground is unassailable, the second need not be decided.

The court is asked to give its opinion on other matters discussed in the briefs of counsel, as a sort of guide to future proceedings under this statute; but our jurisdiction on appeal is limited to a review of questions essentially involved in determining the correctness of the judgment of the trial court. Aught else that might be said would only be dictum.

The judgment is affirmed.     .